**STATEMENT OF FACTS**

Case: 1:20−mj−00175
Assigned To : Meriweather, Robin M.
Assign. Date : 9/5/2020
Description: Complaint w/ Arrest Warrant

*April 6, 2020*

On April 6, 2020, the government sought and obtained a complaint charging AMINA WASHINGTON-BEY ("WASHINGTON-BEY" or "defendant"),[1] with two counts in Case Number 1:20-mj-00056 of: (1) entering or remaining in a restricted area or grounds, in violation of 18 U.S.C. § 1752(a)(1); and (2) entering restricted public property, in violation of 22 D.C. Code § 3302(b). This was based off the defendant's intrusion onto the White House grounds.

At the defendant's initial appearance before Magistrate Judge Deborah A. Robinson that same day (April 6, 2020), the government orally requested that WASHINGTON-BEY be released with conditions. That motion was granted, and those conditions were set forth in an Order Setting Conditions of Release, filed on April 13, 2020 (First 04/13/20 Order), and included the following conditions, among others: to report to Pretrial Services as directed; to report to Community Connections on April 7, 2020 at 8:30 a.m.; to maintain mental health services, to include a medication regimen, as directed by Pretrial Services; to sign all releases of information with the defendant's mental health provider to allow Pretrial Services to obtain compliance information; to report to defendant's probation officer within 48 hours; to report to Community Connections by 10 a.m. on April 7, 2020 to obtain medication; to stay away from White House complex, with a map showing the area; and to not get rearrested. *See* First 04/13/20 Order at 1-2 (Case Number 1:20-mj-00056, ECF # 5).

WASHINGTON-BEY was also verbally advised of his release conditions by Magistrate Judge Robinson from the bench. With regards to the stay away condition, Magistrate Judge Robinson specifically advised WASHINGTON-BEY that he needed to stay away from an area around the White House for as long as the case was pending and that he would receive a map showing him the area to stay away from. WASHINGTON-BEY asked how long the case would be pending for.

Following Court on April 6, 2020, Pretrial Services Officer Christine Schuck also sent WASHINGTON-BEY's case manager at Community Connections an email listing all the release conditions and all the paperwork related to the release conditions, including the map reflecting the area covered by the White House stay away order. As required by his release conditions, WASHINGTON-BEY reported to Community Connections on April 7, 2020, where he signed all the paperwork Ms. Schuck had sent over and was provided a copy of the White House stay away map, which is attached as Exhibit A. The stay away map defines the stay away area as the area bounded by and including K Street, N.W.; 13th Street, N.W.; Pennsylvania Avenue, N.W.; 12th Street, N.W.; Constitution Avenue, N.W.; and 19th Street, N.W. The White House stay order was still in effect on April 9, 2020.

---

[1] The individual is biologically a female, however, the defendant identifies as a male. Therefore, for the purposes of this complaint, the defendant will be referred to as male and use male pronouns.

*April 9, 2020*

On April 9, 2020, U.S. Secret Service Officer Austin Huntington was walking southbound on 17th Street N.W. towards State Place, N.W., when he observed WASHINGTON-BEY hiding behind a pillar and repeatedly looking around it at the U.S. Secret Service entrance post located at 1699 State Place, N.W., Washington, D.C. After confirming the stay away order, Officer Huntington placed WASHINGON-BEY under arrest for contempt, as WASHINGTON-BEY was present within the area that WASHINGTON-BEY was required to stay away from as a condition of his prior release.

On April 10, 2020, the government sought and obtained a complaint charging WASHINGTON-BEY with one count in Case Number 1:20-mj-00059: (1) contempt of court, in violation of 18 U.S.C. § 401(3).

At WASHINGTON-BEY's initial appearance before Magistrate Judge Deborah A. Robinson that same day (April 10, 2020), the government orally requested that WASHINGTON-BEY be released with conditions. That motion was granted, and WASHINGTON-BEY was released on the same conditions as the prior case, including to stay away from White House complex (see attached map) and maintain Mental Health Services, to include medication regimen, as directed by Pretrial Services. Judge Robinson also set an additional condition that when WASHINTGON-BEY is released he wait outside the jail for his case manager, so that his case manager can assist WASHINGTON-BEY with obtaining his medication. The motion was granted, those conditions were set forth in an Order Setting Conditions of Release, filed on April 13, 2020 (Second 04/13/20 order), and WASHINGTON-BEY was released. *See* Second Order at 1-2 (Case Number 1:20-mj-00059, ECF # 2).

*April 17, 2020*

On April 17, 2020, at approximately 11:24 p.m., United States Secret Service Officer Ryan Mangum received a radio call from United States Secret Service Sergeant Andrew Ward that he had observed WASHINGTON-BEY on G Street, N.W. between 15th Street and 14th Street, N.W. Officer Mangum responded to the radio call and observed WASHINGTON-BEY in the vicinity of 14th Street and G Street, N.W., where WASHINGTON-BEY had been stopped by Sergeant Ward. At the time WASHINGTON-BEY was stopped, he had been travelling eastbound on G Street.

Officer Mangum recognized WASHINGTON-BEY and had prior knowledge of an active White House stay away order for WASHINGTON-BEY. To confirm WASHINGTON-BEY's identity and that there was in fact an active stay away order, Officer Mangum requested WASHINGTON-BEY's identification and contacted the U.S. Secret Service Joint Operations Center (JOC) on his radio and asked them to confirm the existence of a stay away order for WASHINGTON-BEY.

While waiting for the JOC to confirm WASHINGTON-BEY's stay away order, Officer Mangum asked WASHINGTON-BEY if he knew he was not supposed to come back to the White House. WASHINGTON-BEY responded that he knew he was not supposed to be there, but did

not have the paperwork.  The JOC then confirmed the existence of WASHINGTON-BEY's stay away order.  Officer Mangum then placed WASHINGTON-BEY under arrest for contempt, as WASHINGTON-BEY was present within the area that WASHINGTON-BEY was required to stay away from as a condition of his prior releases and there was an active warrant out for WASHINGTON-BEY as the U.S. Parole Commission had issued a parole warrant for WASHINGTON-BEY's for alleged violations of his conditions of supervised release in a Superior Court case.

At approximately, 12:18 a.m. on April 18, 2020, United States Secret Service Special Agents Kenneth Mayer and Lydia Simonaire arrived at 2D to attempt to interview WASHINGTON-BEY.  They identified themselves as agents with the United States Secret Service and WASHINGTON-BEY was read his *Miranda* Warnings.  WASHINGTON-BEY waived his rights, signed the *Miranda* warning, and consented to talk to the agents.

The agents asked WASHINGTON-BEY why he was in the area of the White House and WASHINTON-BEY said he was just walking down the street.  He further stated that he walks a lot and does not pay attention to where he walks.  When asked about recent medical/mental health treatment, WASHINGTON-BEY mentioned his recent visit to Comprehensive Psychiatric Emergency Program (CPEP).  He stated that he was not compliant with his medication and had not opened the Zyprexa he received there.  WASHINGTON-BEY also confirmed that he is still transient and does not work.

On April 18, 2020, the government sought and obtained a complaint charging WASHINGTON-BEY with one count in Case Number 1:20-mj-00063: (1) contempt of court, in violation of 18 U.S.C. § 401(3).

On April 20, 2020, at WASHINGTON-BEY's initial appearance before Magistrate Judge Robinson, the Government moved for a competency evaluation, a temporary 10-day hold to resolve the issues relating to the superior court warrant, and to file a motion to revoke WASHINGTON-BEY's conditions of release.  The court granted the requests.

On May 15, 2020, the parties held a joint competency hearing and hearing on the conditions of release.  WASHINGTON-BEY was found competent and Judge Robinson also ordered WASHINGTON-BEY's release.  *See* Additional Conditions of Release at 1 (Case Number 1:20-mj-00063, ECF #15).  This order added a few additional conditions and stated that "All other conditions of release previously imposed remain in effect."  *Id.*  This included the White House stay away order.

*September 5, 2020*

On September 5, 2020, at approximately 3:34 a.m., Sgt. Ward, while on duty, observed an individual, who he recognized as WASHINGTON-BEY, in front of the Willard Hotel at the address of 1401 Pennsylvania Avenue, N.W., Washington D.C. 20004.  He believed that WASHINGTON-BEY had an active stay away order.

The affiant, Secret Service Uniformed Division (UD) Officer Jabari Gilliam, while on routine vehicle patrol, made a left turn from 14th Street, N.W., onto Pennsylvania Avenue, N.W., where he saw Sgt. Ward's van parked and Sgt. Ward getting out of the van. Officer Gilliam pulled over and saw Sgt. Ward starting to speak with an individual, later identified as WASHINGTON-BEY. Sgt. Ward was asking to see WASHINGTON-BEY's identification and whether he had any weapons on him. Officer Gilliam saw WASHINGTON-BEY give Sgt. Ward an identification card and WASHINGTON-BEY stated that he "did not have any weapons, but had mace for protection." WASHINGTON-BEY was in possession of pepper spray. Sgt. Ward handed the identification card to Officer Gilliam and asked Officer Gilliam if he knew who the individual was. Officer Gilliam said he did not and Sgt. Ward said that he recognized the individual as someone who was known to jump the White House fence and was pretty sure there was an active stay away order against the individual. Sgt. Ward told Officer Gilliam to run an NCIC/WALES check on him and check for an active stay away order with the JOC. Officer Gilliam conducted a NCIC/Wales name check and requested confirmation for the stay-away from the JOC. The Secret Service Court Liaison confirmed an active stay-away order for WASHINGTON-BEY.

Officer Gilliam then placed WASHINGTON-BEY under arrest for contempt, as WASHINGTON-BEY was present within the area that WASHINGTON-BEY was required to stay away from as a condition of his prior releases.

At approximately, 4:00 a.m., Agent Pascual and Officer Reyes-Arroyo responded to MPDC Second District to attempt to interview WASHINGTON-BEY. At approximately 4:49 a.m., Officer Gilliam read Miranda to WASHINGTON-BEY. When asked if he understood his rights, WASHINGTON-BEY replied "Yes." When asked if he was willing to waive his rights, WASHINGTON-BEY replied "Yes." Agent Pascual and Officer Reyes-Arroyo asked WASHINGTON-BEY if he was currently under the influence of any drugs or alcohol. WASHINGTON-BEY replied "No." They reiterated to WASHINGTON-BEY that he did not have to speak with them if he did not feel comfortable or in the right mental state to do so. WASHINGTON-BEY advised that he did not mind answering questions.

WASHINGTON-BEY advised that he is currently homeless and was out on a walk when he was stopped by UD Officers. WASHINGTON-BEY stated that he did not know he had an active stay away order and did not realize that he was not allowed to be in the area of the White House Complex. It is important to note that WASHINGTON-BEY was cooperative during the entirety of the interview; however, he was at times difficult to understand. When asked about his mental health history, WASHINGTON-BEY advised that he has previously been diagnosed with Schizophrenia and PTSD. WASHINGTON-BEY added that he has received treatment at CPEP for the previously mentioned mental health disorders. WASHINGTON-BEY advised that he has been prescribed medication for Schizophrenia and PTSD, but could not recall the names of his prescriptions. WASHINGTON-BEY was unable to provide names of doctors that have treated him at CPEP. WASHIGNTON-BEY stated that he was last at CPEP approximately 2 to 3 weeks ago. WASHINGTON-BEY also advised that he has received outpatient treatment at Community Connections. WASHINGTON-BEY advised that he could not recall the names of the medications prescribed to him by the medical staff at Community Connections. WASHINGTON-BEY advised that he was treated by a Doctor "Lowie" (WASHINGTON-BEY was unsure of spelling). When asked about his experience at the outpatient program, WASHINGTON-BEY stated that he enjoys

going to the program and stated he was last there approximately 1 to 2 weeks ago. WASHINGTON-BEY advised that he last took his prescribed medications approximately 2 or 3 days ago and again was unable to recall the names of his prescriptions. WASHINGTON-BEY then advised that he had a medicine container on his person when he was arrested. When asked about relatives and associates, WASHINGTON-BEY advised that his mom and dad were "gone." WASHINGTON-BEY then stated that he has a sister who lives in D.C., but was unable to provide a name, address, or telephone number for his sister

_____
Jabari Gilliam
Officer, United States Secret Service
Badge Number 2506

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 5th day of September, 2020.

2020.09.05
15:27:08 -04'00'
_____
The Honorable Robin M. Meriweather
United States Magistrate Judge